IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID TOM**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>**DELANCEY STREET GROUP LLC**<br><br>and<br><br>**MJA HOLDINGS, INC.**<br>**d/b/a MCA JUSTICE**,<br><br>*Defendants*. | Case No. 1:25-cv-00566 (GTS/DJS) |

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DELANCEY STREET GROUP LLC's MOTION TO DISMISS THE FIRST AMENDED COMPLAINT WITH PREJUDICE AS TO DELANCEY STREET GROUP, LLC WITH PREJUDICE**

Of Counsel:
Thomas A. Leghorn, Esq.

On the Brief:
Thomas A. Leghorn, Esq.
Elyse S. Schindel, Esq.

4907-0278-7164, v. 1

## **Table of Contents**

PRELIMINARY STATEMENT ................................................................................................... 1

LEGAL ARGUMENT .................................................................................................................. 3

THE FAC DOES NOT CURE THE DEFICIENCIES IN THE ORIGINAL COMPLAINT AND FAILS TO STATE A CAUSE OF ACTION REQUIRING THE DISMISSAL OF THE FAC ...... 3

    A.    The Phone Number That Plaintiff Claims is a "Residential" Phone Number is in Fact a Business Phone Number, for Which the TCPA Does Not Apply, and the FAC MUST be Dismissed with Prejudice ........................................................................................... 3

    B.    Plaintiff's Newly-Asserted Legal Theory Based in Vicarious Liability and Agency Against Delancey Street is Without Merit ............................................................... 9

    C.    The FAC Does Not Sufficiently Plead Causes of Action in Counts 1, 2 or 3 and the FAC Should be Dismissed with Prejudice ....................................................................... 11

    D.    Venue in the Northern District of New York is Improper ....................................... 11

CONCLUSION ............................................................................................................................ 12

## Table of Authorities

**Cases**                                                                                                                                                                                                             **Page(s)**

*Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY,
    2019 U.S. Dist. LEXIS 225872, 2019 WL 7630856 (D. Or. Nov. 7, 2019) .............................. 3

*Bank v. Independent Energy Group, LLC*
    No. 12-CV-1369-JG-VMS, 2015 U.S. Dist. LEXIS 96532, 2015 WL 4488070 (E.D.N.Y. July 23, 2015) .................................................................................................................................. 4

*Shelton v. Target Advance LLC*,
    2019 US Dist. LEXIS 64713 [ED Pa Apr. 16, 2019, No. 18-2070] ..................................... 4, 5

*Smith v. Truman Road Development, LLC*, No. 4:18-cv-00670-NKL,
    2020 U.S. Dist. LEXIS 74330, 2020 WL 2044730 (W.D. Mo. Apr. 28, 2020) ....................... 3

**Statutes**

18 U.S.C. § 922(a)(1)(A) ................................................................................................................ 8

28 U.S.C. § 1391(b)(1) ................................................................................................................. 11

TCPA, Section 227 ..................................................................................................................... 4, 5

§310.6(b)(7) ................................................................................................................................... 5

**Rules**

F.R.C.P. 12(b)(6) ............................................................................................................... 1, 2, 8, 12

**Other**

47 C.F.R. § 64.1200(c)(2) .............................................................................................................. 4

4907-0278-7164, v. 1

Defendant Delancey Street Group LLC ("Delancey Street"), by its attorneys, respectfully submits this supplemental memorandum of law in further support of its motion to dismiss Plaintiff's Complaint in its entirety pursuant to the Federal Rules of Civil Procedure Rule ("F.R.C.P.") 12(b)(6) (ECF Nos. 8-10) This supplemental memorandum of law is submitted pursuant to the Court's text order dated July 25, 2025 granting Delancey Street's request to supplement the Motion to Dismiss to address newly asserted facts and claims (ECF Doc. 15). Delancey Street specifically refers to and incorporates all legal arguments set forth in the Memorandum of Law filed on June 23, 2025 (ECF Doc. 10), in lieu of repetition.

## PRELIMINARY STATEMENT

Plaintiff David Tom ("Plaintiff") filed a lawsuit on behalf of himself and others similarly situated alleging that Delancey Street violated the Telephone Consumer Protection Act ("TCPA") when an entity named MCA Justice sent him text messages between March 6, 2025, and March 10, 2025. In response, Delancey Street filed a motion pursuant to F.R.C.P. 12(b)(6), seeking dismissal of Plaintiff's Complaint with prejudice, based on Plaintiff's failure to state a claim against Delancey Street for violations of the TCPA.

Rather than filing opposition to Delancey Street's F.R.C.P. 12(b)(6) motion, Plaintiff filed a First Amended Complaint ("FAC"), superseding the original Complaint. The FAC properly adds MJA Holdings Inc. d/b/a MCA Justice as a defendant and unsuccessfully attempts to cure the factual and legal deficiencies in the original Complaint by adding baseless and simply incorrect factual allegations to the FAC in an attempt to keep the TCPA claims alive against Delancey Street.

Pursuant to the Court's Text Order of July 25, 2025 (ECF No. 15), the Court granted Delancey Street's request to supplement the Motion to Dismiss (ECF No. 8) to address newly asserted facts and claims in the FAC. Delancey Street submits this supplemental brief to address

1

the new factual and legal allegations set forth in the FAC, and seeks dismissal of the FAC for failure to state a cause of action pursuant to F.R.C.P. 12(b)(6).

Plaintiff's FAC again fails to state a claim for several reasons. First, the phone number that Plaintiff claims is a "residential" phone number is in fact a business phone number, for which the TCPA does not apply. The FAC attempts to add facts to the pleading to cure the deficiencies in the original Complaint. However, these additional "facts" do not establish that the phone number in question is a residential phone number, and in fact, the FAC contains inaccurate facts that are contradicted by publicly available information that this phone number is the business phone number for Plaintiff David Tom's business. Further, Delancey Street is a company that assists *businesses* with debt relief and restructuring. The fact that Plaintiff responded to the text message at issue regarding his *business* is dispositive of this issue, and an admission by Plaintiff himself. Therefore, the communications at issue, which were sent to a business phone number, are not in violation of the TCPA as a matter of law, and the FAC should be dismissed with prejudice on this basis.

Second, as to the substantive claims, Plaintiff's FAC again fails to state a cause of action in Counts 1-3, which allege violations of: the TCPA on behalf of Plaintiff and the "National Do Not Call" registry class (Count 1); the TCPA on behalf of Plaintiff and the "Telemarketing Caller ID Class" (Count 2); and the TCPA on behalf of Plaintiff and the "Internal DNC Class" (Count 3).

Plaintiff has changed the legal theory of the TCPA claims in the FAC against Delaney Street in the FAC. The FAC alleges that MJA Holdings and/or MCA Justice ("MJA") is an "agent" of Delancey Street, by which Delancey Street is vicariously liable for MJA's actions. Despite the colorful and conspiratorial picture that Plaintiff's FAC attempts to paint regarding the relationship

between Delancey Street and MJA, the FAC's claims are nothing more than baseless theories untethered to reality.

Delancey Street is not vicariously liable for MJA's actions, as there was no agency relationship with the MJA, which initiated the calls. As Plaintiff's flawed premise is plainly refuted, the TCPA claims upon which Plaintiff bases the flawed premise in the FAC must be dismissed.

## LEGAL ARGUMENT

### THE FAC DOES NOT CURE THE DEFICIENCIES IN THE ORIGINAL COMPLAINT AND FAILS TO STATE A CAUSE OF ACTION REQUIRING THE DISMISSAL OF THE FAC

**A. The Phone Number That Plaintiff Claims is a "Residential" Phone Number is in Fact a Business Phone Number, for Which the TCPA Does Not Apply, and the FAC MUST be Dismissed with Prejudice**

The FAC again alleges that Plaintiff's phone number is a "residential" phone number. See FAC ¶¶19-25. However, the uncontroverted publicly available information regarding the phone number (321) 917-0760 lists this phone number for a business owned by Plaintiff David Tom.

Delancey Street specifically refers to and incorporates all legal arguments set forth in the Memorandum of Law filed on June 23, 2025 (ECF Doc. 10) as to residential and business phone numbers and their applicability to the TCPA, in lieu of repetition.

Where there is clear evidence that a cell phone line is used only or primarily as a business line, courts have granted summary judgment to the defendants. *See Smith v. Truman Road Development, LLC*, No. 4:18-cv-00670-NKL, 2020 U.S. Dist. LEXIS 74330, 2020 WL 2044730, at *11 (W.D. Mo. Apr. 28, 2020); *Mattson v. Quicken Loans Inc.*, No. 3:18-CV-00989-YY, 2019 U.S. Dist. LEXIS 225872, 2019 WL 7630856, at *5 (D. Or. Nov. 7, 2019). Specifically, in *Bank v. Independent Energy Group, LLC*, the court held that even if a phone number is registered as "residential" with a telephone company, the line should not be considered "residential "if a

3

subscriber "holds out such a telephone number to the general public as a business line." *Bank v. Independent Energy Group, LLC*, No. 12-CV-1369-JG-VMS, 2015 U.S. Dist. LEXIS 96532, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015).The plaintiff provided the subject telephone number on his business card, professional letterhead of his law practice, and in pleadings and court filings, the number was not "residential" within the meaning of the TCPA. *Id.*

In *Shelton v. Target Advance LLC*, 2019 US Dist. LEXIS 64713 [ED Pa Apr. 16, 2019, No. 18-2070]), the Court concluded that "because Plaintiff held the phone number out to the world as a business phone number, he could not register it on the National Do Not Call Registry for purposes of avoiding business-to-business calls, such as those giving rise to this action," and it dismissed Plaintiff's Section 227(c) claims for lack of standing. *Target Advance*, 2019 U.S. Dist. LEXIS 64713, 2019 WL 1641353, at *6. In *Target Advance*, the Court noted that the implementing regulations of Section 227 of the TCPA only prohibit telephone solicitations to "residential telephone subscriber[s]" on the NDNC. *See* 47 C.F.R. § 64.1200(c)(2).

In *Target Advance*, the Court held that the plaintiff did not have standing to bring claims predicated on § 227(c)(3)(F)'s prohibition against sales calls to telephone phone numbers listed on the National Do Not Call Registry. *Id.* at *15. The Court held that the phone number at issue in that case was also for business use, and business numbers are not permitted to be registered on the National Do Not Call Registry. *Id.* at *15-16 (citing *Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Rcd. 9779, 9785 (June 17, 2008) ("As the Commission has previously stated, the National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."); 47 C.F.R. § 64.1200(c)(2) (prohibiting telephone solicitation to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained

4

by the Federal Government."); CFR §310.6(b)(7) (exempting from liability, "[t]elephone calls between a telemarketer and any business, except calls to induce the retail sale of nondurable office or cleaning supplies."). *Id.* at *16.

The *Target Advance* Court referred to the website of the Federal Trade Commission ("FTC") regarding the National Do Not Call Registry, which features frequently asked questions, one of which is asked and answered as follows. "Can I register my business phone number or a fax number? The National Do Not Call Registry is only for personal phone numbers. Business-to-business calls and faxes are not covered." Federal Trade Commission Consumer Information, https://www.consumer.ftc.gov/articles/0108-national-do-not-call-registry). *Id.* at *16-17.

The *Target Advance* Court also referred to the FTC's website page titled "Q&A for Telemarketers & Sellers About DNC ["Do Not Call"] Provisions in TSR ["Telemarketing Sales Rule"],"" which states under the heading "Business-to-Business Calls," "Most phone calls to a business made with the intent to solicit sales from that business are exempt from the Do Not Call Provisions." https://www.ftc.gov/tips-advice/business-center/guidance/qa-telemarketers-sellers-about-dnc-provisions-tsr. *Id.* at *17.

*Target Advance* held that because the plaintiff held the phone number out to the world as a business phone number, he could not register it on the National Do Not Call Registry for purposes of avoiding business-to-business calls, such as those giving rise to that action. *Id.* at *17. The Court held that the plaintiff has not suffered an injury-in-fact by way of receiving business-to-business robocalls on a phone number he registered on the National Do Not Call Registry, and his claims predicated on § 227(c)(3)(F) are dismissed for a lack of standing." *Shelton v. Target Advance LLC*, 2019 US Dist. LEXIS 64713, at *18 [ED Pa Apr. 16, 2019, No. 18-2070]).

The Second Circuit has also held that "a plaintiff must plausibly allege facts establishing that his cellular telephone is actually used for "residential purposes." *Gillam v Reliance First Capital, LLC*, 2023 US Dist LEXIS 29477, at *8 (EDNY Feb. 22, 2023, No. 21-CV-4774 (JMA) (JMW)). The complaint in *Gillam v. Reliance First Capital* alleged that plaintiff's cell phone number was not "associated with a business, has never been held out by Plaintiff to the public, and is primarily for personal use." The Court found these allegations conclusory and insufficient to make an inference that the number was for residential purposes.

The standard established in *Gillam v. Reliance First Capital* is consistent with the established standard across federal courts. See Cunningham v. McDonald, No. 15-cv-215, 2018 U.S. Dist. LEXIS 201403, 2018 WL 6737418, *2 (M.D. Tenn. Nov. 5, 2018) ("While a person utilizing a cellular phone may fall within the definition of a 'residential telephone subscriber' under the act, Plaintiff's pleadings allege only that calls were made to his cellular phone and he has pled no facts or offered evidence sufficient for the court to draw the conclusion that he has stated a cause of action under subsection (c)(5)") *See also* Kemen v. Cincinnati Bell Tel. Co. LLC, No. 22-cv-152, 2023 U.S. Dist. LEXIS 11552, 2023 WL 361136, at *5 (S.D. Ohio Jan. 23, 2023) (finding a TCPA claim inadequately pled without allegations showing residential use.)

The FAC provides additional factual support for the contention that the phone number in question is "residential", claiming broadly that "Plaintiff's telephone number, (321) XXX-XXXX, is a residential, noncommercial telephone number". See FAC ¶19. Plaintiff claims that "Mr. Tom uses the number for personal, residential, and household reasons". See FAC ¶20. Plaintiff alleges "[t]he number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses". See FAC ¶21. Plaintiff further alleges "[m]oreover, the telephone line is assigned to

6

a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered". See FAC ¶22.

The allegations in the FAC are both factually incorrect and legally flawed. The allegations in the FAC are directly contrary to the factual assertion in ¶25 of the FAC. First, the FAC alleges broadly, without any support that "Plaintiff's telephone number, (321) XXX-XXXX, is a residential, noncommercial telephone number". See FAC ¶19. Second, the FAC alleges broadly, again, without any support that "Mr. Tom uses the number for personal, residential, and household reasons". See FAC ¶ 20. Third, FAC alleges "[t]he number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses". See FAC ¶21. This allegation is stated without any support.

Plaintiff further alleges "[m]oreover, the telephone line is assigned to a cellular service which is presumptively residential and was eligible for registration on the National Do Not Call Registry at the time it was registered". See FAC ¶22. This allegation is a legal argument that is not supported by the objective facts that are publicly available. The phone number is clearly used primarily for business purposes and is being held out to the general public as a business line. A reasonable observer would view the phone number (321) 917-0760 as a business phone number, where it is listed several times on the goingquiet.com website as the business's contact number. *See* **Exhibit G**. This phone number is also listed as the Required Business Contact phone number for Plaintiff David Tom's Federal Firearms License (#1-59-009-07-9G-11611 – Dealer in Firearms (Type 07) for his business. Finally, this phone number is associated with 1101 W Hibiscus Blvd, Suite 103A, Melbourne, Florida 32901, Hibiscus Business Center (a dedicated commercial property).

4907-0278-7164, v. 1

The FAC acknowledges that Plaintiff's business is that of a federal firearms licensee and manufacturer. See FAC ¶23. Plaintiff incomprehensively claims that "[h]owever, the Plaintiff does not use the telephone number at issue to "engage in the business of importing, manufacturing, or dealing in firearms," because he does not use the telephone number in the "regular course of trade or business with the principal objective of livelihood and profit." *Cf.* 18 U.S.C. § 922(a)(1)(A); 921(a)(21)(A). He thus does not use it for his business. See FAC ¶24. To bolster this inaccurate factual assertion, Plaintiff states: "Plaintiff does not, for example, advertise the number on his business' website". See FAC ¶25.

Plaintiff's attempts to frame the phone number in question as a residential phone number in the FAC are unavailing. Plaintiff's factual allegations in FAC ¶¶24-25 are simply untrue. Plaintiff David Tom *does* use the telephone number in the regular course of business for his business at goingquiet.com. The website Goingquiet.com, the domain name for Plaintiff Tom's business, includes a phone number for the business of (321) 917-0760. *See* **Exhibit G**. This phone number also appears in the "Contact Us" section of the website. *See* **Exhibit G**. As such, the telephone number in question *is* provided on the goingquiet.com website as the business phone number.

These additional factual allegations in the FAC are Plaintiff's attempt at countering Delancey Street's argument for dismissal of the Complaint in the F.R.C.P. 12(b)(6) Motion. However, to Plaintiff's detriment, the FAC completely ignores the undisputable factual information that Delancey Street attached to the F.R.C.P. 12(b)(6) motion that establishes that the phone number in question – (321) 917-0760 – is a business phone number, and not a residential phone number within the meaning of the TCPA. See ECF Doc No. 10, p 11.

8

4907-0278-7164, v. 1

For example, the FAC does not address the citation to the results of the search of the telephone number in question, which reveals that this telephone number is associated with two (2) business entities – Tom & Company, LLC and its domain name, Goingquiet.com, and is associated with 1101 W Hibiscus Blvd, Suite 103A, Melbourne, Florida 32901, Hibiscus Business Center (a dedicated commercial property). *See* **Exhibit F** to Delancey Street's moving papers. This business is a gun and firearm FFL Dealer in Florida, which is licensed with a Federal Firearms License (#1-59-009-07-9G-11611 – Dealer in Firearms (Type 07)). This license was issued to Tom & Company LLC DBA GoingQuiet.com. The Required Business Contact for this license is (321) 917-0760. *See* **Exhibit F** to Delancey Street's moving papers.

Finally, Delancey Street is a ***business*** debt relief company. It is inconceivable that Plaintiff would respond "yes" to a text message that was sent to his residential phone number from a company offering with assistance for a Merchant Cash Advance ("MCA") debt restructuring[1], if the phone number used by Plaintiff Tom was not a business phone number.

Therefore, the FAC does not achieve Plaintiff's goal of countering the fact that the phone number in question is a business phone number, and therefore the FAC does not state a claim, and must be dismissed with prejudice.

B. **Plaintiff's Newly-Asserted Legal Theory Based in Vicarious Liability and Agency Against Delancey Street is Without Merit**

The FAC changes the legal theory upon which the TCPA claims are brought against Delancey Street. Plaintiff's FAC claims:

> [. . .] MJA Holdings, doing business as MCA Justice violated the TCPA by making telemarketing calls to Plaintiff and other putative class members listed on the National Do Not

---

[1] MCA debt restructuring is a process that allows businesses struggling with the burdens of high-interest MCA loans to renegotiate the terms of their agreements and achieve a more manageable repayment schedule. This process aims to alleviate the immense pressure caused by daily or weekly repayments that can quickly deplete a business's cash flow, potentially leading to default, legal action, and even business closure.

>Call Registry without their written consent, by making telemarketing calls without the accurate provision of Caller ID Name (CNAM), as well as calling people who had previously asked to no longer receive calls. These calls were placed by MJA for the benefit of Delancey Street Group LLC, who hired MJA to place the calls at issue.
>
>See FAC ¶3.

Therefore, Plaintiff does not allege that Delancey Street violated the TCPA directly, but that MJA violated the TCPA "for the benefit of" Delancey Street" and that MJA was an "agent" of Delancey Street, by which Delancey Street is "vicariously liable" for MJA's actions.

Delancey Street specifically refers to and incorporates all legal arguments set forth in the Memorandum of Law filed on June 23, 2025 (ECF Doc. 10) as to vicarious liability and agency, in lieu of repetition.

While Delancey Street contracted with MJA to serve as a lead generator for Delancey Street's business, this type of contractual business relationship is not prohibited by the TCPA. The FAC includes a fictionalized story about the purported "agency relationship" between Delancey Street and MJA.

The FAC baselessly alleges that Delancey Street authorized MJA to make certain statements and representations. *See* FAC ¶42. Delancey Street did not control the means and methods of communications made by MJA. The FAC cites to the contract between the parties as "hallmarks of agency". *See* FAC ¶¶61-66. However, despite Plaintiff's efforts to characterize this as an agency relationship, Delancey Street did not exercise control over MJA's actions. Delancey Street did not dictate the means and methods of MJA's outreach. *See* ¶63. The financial structure of payments set forth in the contract does not establish direction or control, or as Plaintiff so colorfully claims "an economic lever" of Delancey Street over MJA. *See* ¶65. The FAC attempts to paint the business relationship as something it is not. Delancey Street contracted with MJA for

10

MJA to source leads for Delancey Street's business. Delancey Street did not direct MJA as to how to conduct its sourcing.

The FAC's claim that there was an agency relationship based on the indemnification provision in the contract is a gross mischaracterization and an ignorance of the law as to the purpose of an indemnification provision of a contract. *See* ¶68. The portion of the contract cited in the FAC is a plain mutual indemnification provision, and not an element of control or assumption of responsibility by Delancey Street for actions of MJA.

Finally, the FAC's claim that the consumer's perspective dictates a finding of apparent authority and therefore an agency relationship is factually inaccurate. *See* ¶¶69-70. A consumer who is in communication with MJA who is ultimately referred to Delancey Street could not reasonably believe that these two (2) entities are the same company. The fact that MJA advised that Plaintiff Tom would be referred to Delancey Street for the MCA Debt Restructure confirms that these are two (2) separate entities, by which MJA referred clients to Delancey Street.

C. **The FAC Does Not Sufficiently Plead Causes of Action in Counts 1, 2 or 3 and the FAC Should be Dismissed with Prejudice**

Delancey Street specifically refers to and incorporates all legal arguments set forth in the Memorandum of Law filed on June 23, 2025 (ECF Doc. 10) as to the dismissal of Counts 1-3, in lieu of repetition. The FAC includes identical causes of action to the original Complaint, but for the inclusion of MJA. Therefore, Delancey Street incorporates the arguments set forth in the Memorandum of Law filed on June 23, 2025 (ECF Doc. 10).

D. **Venue in the Northern District of New York is Improper**

Finally, Delancey Street supplements its original filing to include an objection to the venue alleged in both the Complaint and the FAC. Plaintiffs allege that "[v]enue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Defendants are residents of this State and Delancey Street is a resident

of this District, having its registered office in Albany". See FAC ¶9. However, this is inaccurate, as Delancey Street does not have a registered office in Albany. *See* **Exhibit H**. Should the Court direct Delancey Street to file a separate motion for a change of venue should this case proceed beyond this Motion, Delancey Street will promptly do so.

## CONCLUSION

For the foregoing reasons, and incorporating all arguments set forth in the Motion to Dismiss filed on June 23, 2025 (ECF No. 8-10) Defendant Delancey Street Group LLC respectfully requests this Court enter an Order dismissing Plaintiff's FAC as to Delancey Street Group LLP in its entirety pursuant to F.R.C.P. 12(b)(6), with prejudice, and such other and further relief as this Court deems just and proper.

Dated:	New York, New York
	August 8, 2025

		Respectfully submitted,
		LONDON FISCHER LLP

	By:	*/s/ Thomas Leghorn*
		Thomas A. Leghorn, Esq.
		Elyse s. Schindel, Esq.
		*Attorneys for Defendant Delancey Street Group LLC*
		59 Maiden Lane
		New York, New York 10038
		(212) 972-1000
		TLeghorn@londonfischer.com

TO:	Andrew Roman Perrong, Esq.
	Perrong Law LLC
	*Attorneys for Plaintiff*
	2657 Mount Carmel Avenue
	Glenside, Pennsylvania 19038
	Phone: 215-225-5529 (CALL-LAW)
	Facsimile: 888-329-0305
	a@perronglaw.com

Anthony Paronich, Esq.
Paronich Law, P.C.
*Attorneys for Plaintiff*
350 Lincoln St.,
Suite 2400
Hingham, Massachusetts 02043
Phone: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

13

4907-0278-7164, v. 1