IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **DAVID TOM**, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>**DSG GROUP LLC**<br><br>and<br><br>**MJA HOLDINGS, INC.**<br>**d/b/a MCA JUSTICE**,<br><br>*Defendants*. | Case No. 1:25-cv-00566 (GTS/DJS) |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT DSG GROUP LLC's MOTION TO DISMISS THE FIRST AMENDED COMPLAINT AS TO DSG GROUP, LLC WITH PREJUDICE**

Of Counsel:
Thomas A. Leghorn, Esq.

On the Brief:
Thomas A. Leghorn, Esq.
Elyse S. Schindel, Esq.

# Table of Contents

LEGAL ARGUMENT ................................................................................................................ 1

    POINT I ..................................................................................................................................... 1

    THE PHONE NUMBER IN QUESTION IS NOT A "RESIDENTIAL" PHONE NUMBER AS DEFINED IN THE TCPA AND THE FAC MUST BE DISMISSED WITH PREJUDICE . 1

        A. The Phone Number in Question is Not a "Residential" Phone Number as Defined in the TCPA .................................................................................................................. 1

        B. No Factual Dispute Exists that at the Time the FAC was Filed the Phone Number in Question was a Business Phone Number ....................................................................... 4

    POINT II .................................................................................................................................... 6

    PLAINTIFF HAS NOT SUFFICIENTLY PLED A CAUSE OF ACTION AS TO COUNT 2 OF THE FAC ............................................................................................................................ 6

    POINT III .................................................................................................................................. 7

    PLAINTIFF'S ARGUMENT AS TO THE REASONABILITY OF THE TEXT MESSAGES IN QUESTION IS UNAVAILING ................................................................................................. 7

    POINT IV .................................................................................................................................. 7

    PLAINTIFF FAILS TO ADEQUATELY PLEAD VICARIOUS LIABILITY AND THE FAC SHOULD BE DISMISSED WITH PREJUDICE ............................................................................. 7

        A.   DSG Does Not Have Actual Authority Over MJA ....................................................... 8

        B.   DSG Does not have Apparent Authority Over MJA and did Not Ratify MJA's Actions ........................................................................................................................ 9

    POINT IV .................................................................................................................................. 9

    VENUE IN THE NORTHERN DISTRICT IS NOT PROPER ................................................. 9

CONCLUSION ............................................................................................................................ 10

# **TABLE OF AUTHORITIES**

***Cases***                                      ***Page(s)***

*Brock v. Superior Care, Inc.*,
   840 F.2d 1054 (2d Cir. 1988) .................................................................................................. 8

*Chambers v. Time Warner, Inc.*,
   282 F.3d 147 (2d Cir. 2002) ................................................................................................ 2, 3

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) .................................................................................................. 3

*DiFolco v. MSNBC Cable L.L.C.*,
   622 F.3d 104 (2d Cir. 2010) .................................................................................................... 2

*Goel v. Bunge, Ltd.*,
   820 F.3d 554–59 (2d Cir. 2016) .............................................................................................. 3

*Mangiafico v. Blumenthal*,
   471 F.3d 391 (2d Cir. 2006) .................................................................................................... 2

*Shelton v. Pro Source Lending Grp. LLC, No. CV 24-4394*,
   2025 WL 817485 (E.D. Pa. Mar. 14, 2025) ........................................................................... 5

*Shelton v. Target Advance LLC*,
   No. 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019) ................................................... 5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
   551 U.S. 308, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) ................................................. 2-3

***Statutes***

28 U.S.C. §1391(b)(1) ............................................................................................................... 10

Section 227 .................................................................................................................................. 6

Section 227(c) ............................................................................................................................. 5

***Rules***

F.R.C.P. 12(b)(6) (ECF Doc. Nos. 8-10) ............................................................................... 1, 10

***Other***

2 of the FAC ............................................................................................................................ 6, 7

47 C.F.R. § 64.1601(e) ................................................................................................................ 6

Defendant Delancey Street Group LLC ("DSG"), by its attorneys, respectfully submits this reply memorandum of law in further support of its motion to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to the F.R.C.P. 12(b)(6) (ECF Doc. Nos. 8-10). DSG refers to and incorporates all legal arguments set forth ECF Doc Nos. 10 and 17, in lieu of repetition.

DSG also specifically refers to and incorporates all legal arguments set forth in the Motion to Dismiss filed by MJA Holdings, Inc. d/b/a MCA Justice filed on August 22, 2025 (ECF Doc Nos. 28 – 28-11), in lieu of repetition. DSG respectfully requests that these Motions be tracked on the same dates for efficiency, and as they address the same issues.

## LEGAL ARGUMENT
### POINT I
### THE PHONE NUMBER IN QUESTION IS NOT A "RESIDENTIAL" PHONE NUMBER AS DEFINED IN THE TCPA AND THE FAC MUST BE DISMISSED WITH PREJUDICE

**A. The Phone Number in Question is Not a "Residential" Phone Number as Defined in the TCPA**

In Plaintiff's opposition, his first point is that "Mr. Tom is a "residential phone subscriber" under the TCPA". Pb4-10. Plaintiff's framing of this issue attempts to divert this Court's attention from DSG's argument that dismissal of the FAC is warranted. Contrary to Plaintiff's argument, DSG's argument is that the phone number that Plaintiff bases this litigation – (321) 917-0760 – is a business phone number, and therefore, is not entitled to the protections afforded by the TCPA.

Oddly, Plaintiff's opposition and the impermissible and self-serving Declaration of David Tom submitted in support of Plaintiff's opposition only refers to the phone number in question as "321-XXX-XXXX". Plaintiff does not confirm that the phone number in question is (321) 917-0760 either through the Brief or the impermissible and self-serving Declaration of David Tom, though it is clear from these documents that Plaintiff refers to the phone number (321) 917-0760.

In opposition, Plaintiff argues (321) 917-0760 is entitled to protection under the TCPA because this phone number "[. . .] is a personal, residential cellular number subscribed in his name,

1

billed to a consumer on that plan, and registered on the National Do Not Call Registry since 2003. It has been his cellular number since that time." *See* Pb6. Plaintiff relies on the impermissible and self-serving Declaration to explain how the phone number was put forth to the public as a business phone number by deflecting responsibility onto a "third party vendor" who allegedly added the number to the website at some point by in error. *See* Pb6. Plaintiff also relies on the impermissible and self-serving Declaration for the proposition that "[t]he 321-number only appears in ATF databases because Plaintiff was required to list a personal contact number". *See* Pb6. Plaintiff erroneously claims that "[t]hose sworn allegations must be accepted as true at this stage". *See* Pb6.[1]

Contrary to Plaintiff's argument, the documents that are attached to DSG's Motion to Dismiss are permissible and should be accepted by this Court, because courts "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010). The court may consider documents that are "integral" to the pleadings even if they are neither physically attached to, nor incorporated by reference into, the pleadings. *See Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006) (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002)). In deciding a motion to dismiss, a district court "must consider the complaint in its entirety, as well as other sources. . . in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 168 L. Ed. 2d 179 (2007) (citations omitted). Documents a defendant attaches to a motion to dismiss can be considered "if they are referred to in the plaintiff's complaint and are central to her claim"

---

[1] Interestingly, Plaintiff argues that DSG's use of "extrinsic evidence" in support of its Motion is improper, yet asks this Court to also consider Plaintiff's extrinsic evidence – in the form of a self-serving Declaration, in which Plaintiff is free to say anything – and to accept all statements contained therein as true. Plaintiff cannot have it both ways.

2

because "[i]n so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (citation omitted).

Plaintiff cites to *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558–59 (2d Cir. 2016) for the proposition that this Court should not rely on extrinsic evidence provided to the Court by DSG, e.g. the information related to the (321) 917-0760 phone number. *See* Pb7. However, in *Geol*, the Second Circuit stated that there exist some cases where a document not expressly incorporated by reference in the complaint is nevertheless "integral" to the complaint and, accordingly, a fair object of consideration on a motion to dismiss. A document is integral to the complaint "where the complaint relies heavily upon its terms and effect." *Ibid.* (quoting *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (internal quotation marks omitted)).

Plaintiff claims that the documents appended to the Motion to Dismiss "bear indicia of unreliability" because in the Motion, Plaintiff's business is referred to as a "dealer in firearms" when in fact Plaintiff's business is a manufacturer of firearms. *See* Pb7. However, Plaintiff's argument that DSG "mischaracterized Going Quiet as a dealer in firearms, when Going Quiet is a manufacturer of firearms, other than destructive devices", is yet another attempt at deflection from the real issues before the Court. The *type* of business is neither relevant, nor helpful to Plaintiff's argument. The fact is that the phone number upon which Plaintiff bases the FAC is a business phone number, and this requires the dismissal of the FAC with prejudice.

Plaintiff argues that he listed (321) 917-0760 as the "required ***business*** contact" for Going Quiet in the ATF's database as "ATF's databased record for the personal number necessary for exigent circumstances". *See* Pb7, citing Tom Dec. ¶¶8, 9. However, it strains credulity that the required *business* contact phone number would be a residential phone number.

3

Here, the documents attached to the Motion, when reviewed as a whole, are integral to the feasibility of the claims asserted in the FAC. That a phone number is a residential number is a predicate requirement of the TCPA. Therefore, documents that firmly establish that the phone number in question is a *business* phone number are integral to the FAC, as the viability and feasibility of the FAC are predicated upon the phone number in questions being a residential phone number. The FAC cannot continue if it is predicated upon violations of the TCPA when the phone number used is a business phone number.

As DSG noted in its moving and supplemental briefs filed, DSG is a company that assists *businesses* with debt relief and restructuring. The fact that Plaintiff responded to the text message at issue regarding his *business* is dispositive of this issue, and an admission by Plaintiff himself. This is coupled with the fact that in Plaintiff's opposition, Plaintiff concedes that the (321) 917-0760 phone number was used for a business purpose. *See* Pb8. ("[. . .] Mr. Tom's prior business use of his number many years ago does nor confer an indelible mark on its character [. . .]") However, Plaintiff attempts to "explain away" the use of the (321) 917-0760 phone number in several areas where the phone number is cited as his business phone number without success. The case law is clear – putting out a phone number as a business phone number necessarily renders the phone number a business phone number, and not protected under the TCPA.

B. **No Factual Dispute Exists that at the Time the FAC was Filed the Phone Number in Question was a Business Phone Number**

Plaintiff argues that there exist factual disputes that require discovery. *See* Pb9. Plaintiff attempts to distinguish this matter from *Smith*, *Mattson*, *Bank* and *Shelton* by arguing that those courts waited until discovery was complete and dismissed the actions on summary judgment. However, this argument is unavailing. As Plaintiff correctly states, in *Shelton* and *Bank*, those

4

courts determined that the TCPA claims were required to be dismissed because the plaintiffs held the phone number out to the world as a business phone number.

Plaintiff cites *Shelton v. Pro Source Lending Grp. LLC*, No. CV 24-4394, 2025 WL 817485, at *4, *5 (E.D. Pa. Mar. 14, 2025) for the proposition that "[. . .] the *Shelton* court later held, with respect to the same phone number and plaintiff, that the plaintiff did state a claim once he ceased using his number for business purposes". However, Plaintiff's citation to this case is misleading, and this decision does not provide the support that Plaintiff hopes for.

The *Shelton* decision Plaintiff cites to refers to a separate lawsuit where the *Shelton* plaintiff filed a lawsuit against a company, Target Advance, LLC. *See Shelton v. Target Advance LLC,* No. 18-2070, 2019 WL 1641353 (E.D. Pa. Apr. 16, 2019). In the *Shelton v. Target Advance* case, **at the time the plaintiff sued Target Advance, the phone number at issue was listed on his business website.** The district court dismissed the complaint because the plaintiff held the phone number out to the world as a business phone number, he could not register it on the NDNCR for purposes of avoiding business-to-business calls, and it dismissed Plaintiff's Section 227(c) claims for lack of standing. *Target Advance*, 2019 WL 1641353, at *6.

Plaintiff baldly argues that the phone number in question was not held out to the world as a business phone number. *See* Pb9. Again, Plaintiff attempts to inflate the importance of describing Plaintiff's business as a firearms dealer, when it is a manufacturer, to call into question the documents appended to DSG's Motion. However, the nature of Plaintiff's business is immaterial to the Court's analysis. This is undoubtedly a business that advertised the phone number (321) 917-0760 as the business phone number for Going Quiet.

As was the case in *Shelton v. Target Advance*, at the time Plaintiff filed the Complaint *and* the FAC, the phone number in question, (321) 917-0760, was listed on the Going Quiet website.

*See* **Exhibit H** to DSG's Supplemental Brief. Although Plaintiff has since removed the phone number from the website (after the filing of DSG's supplemental brief), the phone number was, at all relevant times, including the dates of the text messages at issue, held out to the world as a business phone number. Although Plaintiff claims that the (321) 917-0760 phone number was listed on the business website "due to a third party's error", this phone number clearly "held out to the world as a business phone number" and therefore Plaintiff lacks standing under the TCPA on the Section 227 claim, and Plaintiff's FAC must be dismissed in its entirety.

### POINT II
### PLAINTIFF HAS NOT SUFFICIENTLY PLED A CAUSE OF ACTION AS TO COUNT 2 OF THE FAC

Plaintiff's next point is that his caller ID claims in Count 2 of the FAC must remain given the text of the caller ID rule, which confirms that it applies based on the caller's conduct, not the type of number called. Plaintiff seems to argue that DSG was somehow responsible for transmitting caller ID information in the text messages at issue in the FAC. Plaintiff's interpretation of 47 C.F.R. § 64.1601(e) that it "expressly imputes liability on entities whose goods and services are promoted on the call when they use telemarketers like MJA" is incorrect. This argument is likewise without merit and Plaintiff again misses the mark. *See* Pb10-14.

The TCPA requires anyone who engages in telemarketing to transmit caller ID information, including either the CPN (calling party number) or ANI (automatic number ID) and the name of the telemarketer, or the name and customer service number of the seller that the call is being made on behalf of. 47 C.F.R. § 64.1601(e). In essence, both include information about a calling party that may accompany calls, depending on the calling system technology used.

In this case, the FAC itself provides undisputed evidence that the text messages at issue were sent from a number that was clearly identified – (631) 314-6017, and that the sender was

6

identified by name, "John" and his association to MCA Justice. *See* FAC, ¶33. Therefore, the text messages met the statutory requirement of including CPN and the name of the telemarketer, MCA Justice. As both the CPN and the information about a calling party were included in the messages, Plaintiff's cause of action for a violation of the TCPA in Count 2 of the FAC must be dismissed.

**POINT III**
**PLAINTIFF'S ARGUMENT AS TO THE REASONABILITY OF THE TEXT MESSAGES IN QUESTION IS UNAVAILING**

Plaintiff's opposition ignores the fact that Plaintiff's response to the first text messages is "yes" – which is a clear invitation for further communication. *See* FAC, ¶33. Although Plaintiff claims not to have consented to receive the messages in question, the text messages themselves show that Plaintiff responded "yes" to an initial message and provided an email address, which constitutes consent with regard to the TCPA and its progeny.

The second text message from "John" was then met with a response from Plaintiff David Tom that he wanted further communication from MCA Justice. *See* FAC, ¶33. Plaintiff attempts to paint a picture that he responded "Don't text me" as if to express annoyance at receiving the messages. *See* Pb9. However, in reading the text message thread in its entirety, Plaintiff replied "yes" to obtain more information, sent his email address, and expressed clear interest to continue further communication with MCA Justice. The TCPA was certainly not created to provide recourse for individuals who respond to "yes" to a message, and who clearly show interest in further communication. Therefore, Plaintiff's FAC must be dismissed with prejudice as to Count 3.

**POINT IV**
**PLAINTIFF FAILS TO ADEQUATELY PLEAD VICARIOUS LIABILITY AND THE FAC SHOULD BE DISMISSED WITH PREJUDICE**

Based on Plaintiff's opposition it is clear that Plaintiff has abandoned the theory of liability under direct liability and proceeds solely with the theory of vicarious liability. *See* Pb14-25.

7

Plaintiff cites *Brock v. Superior Care, Inc.*, 840 F.2d 1054, 1059 (2d Cir. 1988), which is inapplicable, because the issue before the court in that case was the determination of individuals as employees or independent contractors, which is a different test than the test for agency under a TCPA claim. In support of his other arguments, Plaintiff relies exclusively on out-of-jurisdiction case law, which is neither persuasive nor binding on this Court. Plaintiff attempts to base the vicarious liability argument on the contract between DSG and MJA, and Plaintiff's experience. *See* Pb16. Ironically, Plaintiff argues that the Agreement should not be considered by this Court, but also uses this document as his source material to claim that there is an agency relationship between DSG and MJA. Plaintiff cannot have it both ways. A review of the theories posited by Plaintiff shows that he does not understand the terms of the Agreement and attempts to create an agency relationship where none exists.

### A. DSG Does Not Have Actual Authority Over MJA

In Plaintiff's opposition, he argues that the Agreement between DSG and MJA demonstrates the requisite control to sufficiently plead actual authority. Plaintiff attempts to read into the plain and simple terms of the contract an element of control that does not exist. The Agreement between DSG and MJA is a standard contract where MJA would source potential clients, and DSG would determine if those clients would be able to enroll in DSG's debt settlement services program. The provisions of the Agreement cited by Plaintiff are simply terms of payment and for sharing of organizational documents. The termination provision of the Agreement likewise does not establish "control". The operative question before this Court in this case where there are alleged violations of the TCPA is whether DSG controlled the means and methods of the text messages sent by MJA, which they did not. As such, Plaintiff's FAC does not sufficiently allege vicarious liability by actual authority, and the FAC should be dismissed in its entirety.

### B. DSG Does not have Apparent Authority Over MJA and did Not Ratify MJA's Actions

As to apparent authority, Plaintiff argues "from the consumer's perspective", MJA held itself out as DSG. Plaintiff relies heavily on the alleged "consumer's perspective" here, where Plaintiff would like the Court to ignore the consumer's perspective when the phone number that serves as the predicate for this litigation was clearly displayed on Plaintiff's business website, Going Quiet. However, in reviewing the emails in question that Plaintiff actively and eagerly engaged in, it is very clear that MJA d/b/a MCA Justice is a separate entity from DSG. *See* FAC, ¶38, and **Exhibit D** to DSG's Moving Papers. This is Plaintiff's only allegation in the FAC that he relies on for the proposition that DSG had "apparent authority" over MJA.

As to ratification, Plaintiff claims that DSG knew why MJA was sending the messages at issue in this case, and therefore, DSG ratified MJA's conduct. *See* Pb24. However, Plaintiff fails to allege that DSG knew that MJA was sending several text messages after a recipient of the messages said "stop" or indicated that there was to be no further communication. Plaintiff cannot make that argument because he invited the communications at issue in the FAC. The FAC is devoid of any allegations that DSG ratified MJA's conduct of sending messages in violation of the TCPA. That is because Plaintiff cannot credibly make that allegation. Therefore, Plaintiff's FAC does not sufficiently plead any theory of vicarious liability and must be dismissed in its entirety.

### POINT IV
### VENUE IN THE NORTHERN DISTRICT IS NOT PROPER

The FAC alleges that venue is proper pursuant to 28 U.S.C. §1391(b)(1). See FAC ¶9. Now, Plaintiff's opposition argues that venue in NDNY is proper DSG maintains an office in the NDNY, as outlined through the Secretary of State records. *See* Pb25. Plaintiff includes – as extrinsic evidence – what appear to be printouts from the Department of State – Division of Corporations website, which names Republic Registered Agent Services, Inc., as a location where DSG could

9

be served. First, this document shows that this address for service is "past due", as DSG did not use that address for service after January 2025. This document is neither proof of DSG's residence, nor having a "registered office" in Albany. Where the alleged conduct in this case occurred within the venue of the Southern District, and the Defendants reside in the Eastern District, this document does not properly place venue in the Northern District.

## CONCLUSION

For the foregoing reasons, and incorporating all arguments set forth in DSG's previously filed papers, and the Motion to Dismiss filed by MJA Holdings, Inc. d/b/a MCA Justice filed on August 22, 2025 (ECF Doc Nos. 28 – 28-11), DSG respectfully requests this Court enter an Order dismissing Plaintiff's FAC as to DSG in its entirety pursuant to F.R.C.P. 12(b)(6), with prejudice, and such other and further relief as this Court deems just and proper.

Dated:      New York, New York
            September 5, 2025

                            Respectfully submitted,
                            LONDON FISCHER LLP

                    By:     /s/ Thomas Leghorn
                            Thomas A. Leghorn, Esq.
                            Elyse s. Schindel, Esq.
                            *Attorneys for Defendant DSG Group LLC*
                            59 Maiden Lane
                            New York, New York 10038
                            (212) 972-1000
                            TLeghorn@londonfischer.com

TO: All counsel of record on ECF

10