UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DAVID TOM, individually and on behalf of all others similarly situated,

                Plaintiff,

v.

DELANCY STREET GROUP LLC doing business as MCA Justice; and MJA HOLDINGS, INC., doing business as MCA Justice,

                Defendants.
_____

1:25-CV-0566
(GTS/DJS)

| APPEARANCES: | OF COUNSEL: |
|---|---|
| PERRONG LAW LLC<br>  Counsel for Plaintiff<br>2657 Mt. Carmel Avenue<br>Glenside, PA 19038 | ANDREW R. PERRONG, ESQ. |
| PARONICH LAW, P.C.<br>  Co-Counsel for Plaintiff<br>350 Lincoln Street, Suite 2400<br>Hingham, MA 02043 | ANTHONY PARONICH, ESQ. |
| LONDON FISCHER LLP<br>  Counsel for Defendant Delancy<br>59 Maiden Lane, 40th Floor<br>New York, NY 10038 | ELYSE S. SCHINDEL, ESQ. |
| MERLE, BROWN & NAKAMURA, P.C.<br>  Counsel for Defendant MJA<br>18 E. 41st Street, Suite 1906<br>New York, NY 10017 | STEPHEN NAKAMURA, ESQ. |

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this civil action filed by David Tom ("Plaintiff") against Delancy Street Group LLC ("Delancy") and MJA Holdings ("MJA") (collectively, "Defendants") under the Telephone Consumer Protection Act, are the following two motions: (1) Defendant Delancy's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or to dismiss or transfer for improper venue pursuant to Fed. R. Civ. P. 12(b)(3); and (2) Defendant MJA's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), or to dismiss or transfer for improper venue pursuant to Fed. R. Civ. P. 12(b)(3). (Dkt. Nos. 8, 17, 28.) For the reasons set forth below, Defendants' motions are both granted in part and reserved on in part: specifically, to the extent the motions argue that venue in this District is improper, the motions are granted and this action is transferred to the Eastern District of New York; however, to the extent the motions request dismissal for failure to state a claim, decision on those motions is reserved and respectfully left to the Eastern District of New York.

**I.      RELEVANT BACKGROUND**

     **A.      Relevant Procedural History**

Plaintiff filed his Complaint on May 6, 2025. (Dkt. No. 1.) On June 23, 2025, Defendant Delancy filed a motion to dismiss that Complaint for failure to state a claim in lieu of an Answer. (Dkt. No. 8.) In response to that motion, Plaintiff filed an Amended Complaint as of right on July 14, 2025. (Dkt. No. 11.) Pursuant to a Text Order dated July 15, 2025, Defendant Delancy requested leave to supplement its motion through a letter-brief in light of the Amended Complaint (a request that was granted by the Court on July 25, 2025). (Dkt. Nos. 13, 14, 15.) On August 8, 2025, Defendant filed that supplemental letter-brief, in which it alternatively

requested to transfer venue. (Dkt. No. 17.) Defendant MJA filed its own motion to dismiss the Amended Complaint or alternatively to transfer venue on August 22, 2025. (Dkt. No. 28.)

**B.    Plaintiff's Amended Complaint**

Generally, in his Amended Complaint, Plaintiff asserts three claims, all of which involve violations of various provisions of the Telephone Consumer Protection Act ("TCPA"): (1) a claim based on Defendants' causing multiple telephone solicitation calls to be made to telephone numbers on the National Do Not Call Registry (including those of Plaintiff and other class members) in violation of 47 U.S.C. § 227; (2) a claim based on Defendants' failure to transmit the required caller identification information along with their telemarketing calls in violation of 47 U.S.C. § 227; and (3) a claim based on Defendants' sending of telemarketing calls to Plaintiff and other members of the class who had previously requested that such calls stop in violation of 47 U.S.C. § 227. (*See generally* Dkt. No. 11.)

**C.    Parties' Briefing on Defendants' Motions**

    **1.    Defendant Delancy's Motion to Dismiss**

        **a.    Defendant Delancy's Memorandum of Law and Supplemental Memorandum of Law**

Generally, in its motion to dismiss, Defendant Delancy makes five arguments. (Dkt. No. 10.) First, Defendant Delancy argues that the Court may properly consider various documents that it has submitted with its motion, including its agreement with Defendant MJA, email communications between both Defendants and Plaintiff, and information related to Plaintiff's phone number at issue in this case. (Dkt. No. 10 at 13.)

3

Second, Defendant Delancy argues that Plaintiff's Complaint should be dismissed because the relevant phone number involved in his claims is a business phone number rather than a residential phone number, and the TCPA therefore does not apply. (*Id.* at 13-16.)

Third, Defendant Delancy argues that Plaintiff's First Claim must be dismissed because (a) Plaintiff cannot establish any direct liability against it given that he alleges it was Defendant MJA rather than Defendant Delancy who initiated the relevant calls, and Plaintiff's allegations are insufficient to plausibly suggest that Defendant MJA is part of Defendant Delancy, and (b) Plaintiff cannot establish vicarious liability against it based on the acts of Defendant MJA given that he has not alleged facts to plausibly suggest that Defendant MJA was acting as Defendant Delancy's agent. (*Id.* at 16-25.)

Fourth, Defendant Delancy argues that Plaintiff's Second Claim should be dismissed because the relevant provision underlying that claim does not create a private right of action, and, nevertheless, Defendant MJA was not acting with apparent authority under the agreement between it and Defendant Delancy to the extent it acted in any way that violates a provision of the TCPA. (*Id.* at 25-27.)

Fifth, Defendant Delancy argues that Plaintiff's Third Claim should be dismissed because the allegations do not plausibly suggest that the relevant provision related to the internal do-not-call list was violated. (*Id.* at 27-29.)

Moreover, Defendant Delancy also submitted a supplemental memorandum of law to address changes made to Plaintiff's allegations and claims as a result of the filing of the Amended Complaint (which occurred after Defendant Delancy filed its original motion to dismiss). (Dkt. No. 17.) In that supplement, Defendant Delancy makes four arguments. (*Id.*)

First, Defendant Delancy argues that, for the same reasons discussed in their initial memorandum of law, Plaintiff's claims must be dismissed because uncontroverted evidence shows that the relevant phone number is a business phone number rather than a residential phone number, and the facts added in the Amended Complaint are merely conclusory statements or legal assertions that need not be accepted as true. (*Id.* at 6-12.)

Second, Defendant Delancy argues that Plaintiff's newly asserted theory of vicarious liability is without merit for reasons already discussed in its initial memorandum of law, and because Defendant Delancy does not exercise any control over Defendant MJA's actions or dictate the means or methods by which Defendant MJA fulfills its obligations under the contract, and no consumer could think that Defendant MJA and Defendant Delancy are the same entity. (*Id.* at 12-14.)

Third, Defendant Delancy argues that Plaintiff's claims have not been sufficiently pleaded for the same reasons asserted in its initial memorandum of law. (*Id.* at 14.)

Fourth, Defendant Delancy argues that venue in the Northern District of New York is improper because it does not, as alleged in the Amended Complaint, have a registered office in Albany. (*Id.* at 14-15.)

b.     **Plaintiff's Opposition Memorandum of Law**

Generally, in opposition to Defendant Delancy's motion, Plaintiff makes four arguments. (Dkt. No. 29.) First, Plaintiff argues that his claims are proper because his relevant phone number is a residential phone number as required by the TCPA, and Defendant MJA's failure to honor his request to opt-out of messages was not reasonable given that the messages he received after telling Defendant MJA's representative not to text him were sent by a human who could

5

immediately understand and comply with that request rather than an automated system. (*Id.* at 9-15.)

Second, Plaintiff argues that his caller ID information claims would survive regardless of whether his phone number is classified as residential or business because (a) such claim is not limited merely to residential telephone numbers, (b) the relevant statute permits liability against any entity engaging in telemarketing, which here would include Defendant Delancy regardless of whether it actually made the calls given that it was the ultimate seller of the relevant product being marketed, and (c) some courts have found that a private right of action exists to enforce this provision. (*Id.* at 15-19.)

Third, Plaintiff argues that he has alleged facts plausibly suggesting that Defendant Delancy is vicariously liable for the actions of Defendant MJA because he has sufficiently alleged (and the contract between those two Defendants plausibly suggests) that Defendant Delancy exercised a degree of control over the activities of Defendant MJA related to the telemarketing activity on its behalf. (*Id.* at 19-30.) More specifically, Plaintiff argues that (a) Defendant MJA possessed actual authority based on the terms of the contract between the Defendants, (b) Defendant MJA at the very least possessed apparent authority in holding itself out as the "marketing arm" of Delancy Street Group, and Defendant Delancy ratified its actions by accepting and benefitting from Defendant MJA's activities, and (c) the fact that the contract contemplates Defendant MJA directly entering data regarding qualified prospects into Defendant Delancy's computer system is sufficient to plausibly allege the existence of an agency relationship. (*Id.*)

Fourth, Plaintiff argues that venue is proper in this District because Defendant Delancy maintains an office here. (*Id.* at 30.)

### c. Defendant Delancy's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant Delancy makes five arguments. (Dkt. No. 30.) First, Defendant Delancy argues that Plaintiff's phone number is not a residential phone number. (*Id.* at 4-9.) More specifically, Defendant Delancy argues that (a) the Court may permissibly consider the materials it has submitted with its motion because those are integral to the Amended Complaint and Plaintiff has not raised any reasonable objection to the authenticity of those materials, and (b) the materials submitted contradict Plaintiff's conclusory allegations that the number was not used for business purposes. (*Id.*)

Second, Defendant Delancy argues that Plaintiff has not alleged facts to plausibly suggest that Defendant Delancy violated the law related to his Second Claim. (*Id.* at 9-13.) More specifically, Defendant Delancy argues that the Amended Complaint itself suggests that the relevant "calls" (here, text messages) were all identified by a specific number, the caller's name of "John," and his association with MCA Justice, and therefore the information provided met the statutory requirements. (*Id.*)

Third, Defendant Delancy argues that Plaintiff's opposition on the point of whether it was reasonable for Defendant MJA to continue to send text messages after Plaintiff indicated he did not wish to receive text messages ignores the fact that he first made an affirmative indication that he wished to engage in further communication with Defendant MJA. (*Id.* at 10.)

Fourth, Defendant Delancy argues that Plaintiff has failed to plead vicarious liability because (a) he has not plausibly alleged that Defendant Delancy had actual authority over

7

Defendant MJA given that the contract does not show that Defendant Delancy exercised control over the manner and means by which Defendant MJA sent the relevant text messages, and (b) he has also not alleged any apparent authority or ratification given that the facts alleged do not suggest that Defendant MJA was holding itself out to be an agent of Defendant Delancy, and he has failed to allege that Defendant Delancy had any knowledge of Defendant MJA's conduct underlying his claims. (*Id.* at 10-12.)

Fifth, Defendant Delancy argues that venue in this District is not proper because the material upon which Plaintiff relies for that assertion shows only that Defendant Delancy once listed an address for service that has not been active since January 2025. (*Id.* at 12-13.)

### 2. Defendant MJA's Motion to Dismiss

#### a. Defendant MJA's Memorandum of Law

Generally, in its motion, Defendant MJA makes four arguments. (Dkt. No. 28.) First, Defendant MJA argues that Plaintiff's claims must be dismissed because the TCPA applies only to telephone calls (and not text messages) under a plain reading of the statute. (*Id.* at 9-13.)

Second, Defendant MJA argues that Plaintiff's claims should be dismissed also because the phone number in question is a business (rather than a residential) number and Plaintiff has offered no allegations to the contrary that are more than threadbare recitals of the elements of the claims or legal conclusions. (*Id.* at 13-16.)

Third, Defendant MJA argues that Plaintiff's claims should be dismissed because only one of the alleged text messages were delivered without Plaintiff's consent given that, in response to that first, unsolicited message, Plaintiff replied to the message's query by indicating he wanted more information, and although he stated in a subsequent message "[d]on't text me

8

email me only," that statement was qualified with the explanation that he was "about to board a plane no cell signal so WiFi works a lot better," and therefore Plaintiff never revoked permission for continued messages or communications from Defendant MJA. (*Id.* at 17-18.)

Fourth, Defendant MJA argues that, in the event the Court denies the motions to dismiss, this action should nevertheless be transferred to the Eastern District of New York because there is no meaningful connection to the Northern District of New York. (*Id.* at 18-19.) More specifically, Defendant MJA argues that (a) Plaintiff is a Florida resident, (b) Defendant Delancy is a Delaware limited liability entity that conducts business within the Southern District of New York, (c) Defendant MJA conducts its business within the Eastern District of New York, and (d) the claims are based on messages received from a number registered in Babylon, New York, which is within the Eastern District. (*Id.*)

### b. Plaintiff's Opposition Memorandum of Law

Generally, in opposition to Defendant MJA's motion, Plaintiff makes four arguments. (Dkt. No. 35.) First, Plaintiff argues that the TCPA applies to text messages by the plain terms of the statute and its enacting regulations, and the Court should defer to the FCC's "reasonable and reasonably explained" decisionmaking on the meaning of the word "call" as used in the statute. (*Id.* at 9-19.)

Second, Plaintiff argues that his relevant telephone number is a residential one for all the reasons he stated in his opposition to the same argument in Defendant Delancy's memoranda of law, and he is entitled to a presumption at this stage in the proceedings that his cellular phone number is residential. (*Id.* at 19-21.)

Third, Plaintiff argues that he has stated a claim by alleging that he received more than one unwanted message within a 12-month period because his "consent" to receive further messages was merely to determine the identity of the solicitor and, in any event, the plain meaning of the statute requires that only one of the calls be in violation of the regulations to meet the requirements of a claim. (*Id.* at 21-26.)

Fourth, Plaintiff argues that venue is proper in this District because Defendant Delancy has its principal place of business and a registered office in Albany, and both Defendants are citizens of New York. (*Id.* at 27-30.) He also argues that the matter should not be transferred to the Eastern District of New York for convenience purposes because Plaintiff has chosen a forum in which one Defendant has legitimate ties and Defendant MJA has not made a strong showing that would merit overriding that choice. (*Id.*)

### c.     Defendant MJA's Reply Memorandum of Law

Generally, in reply to Plaintiff's opposition, Defendant MJA makes four arguments. (Dkt. No. 39.) First, Defendant MJA argues that Plaintiff's phone number is a business number, and that Plaintiff does not challenge the authenticity of evidence showing as much and even admits that the number was used for business purposes at times relevant to this action. (*Id.* at 5-9.)

Second, Defendant MJA argues that Plaintiff has not alleged a violation of 47 U.S.C. § 227(c)(5) because Plaintiff's interpretation of the language of that statute is incorrect and because he has not plausibly alleged that he was subjected to more than one "call" that violated the statute. (*Id.* at 10.)

Third, Defendant MJA argues that the TCPA does not apply to text messages because an interpretation of the statute including text messages within the definition of a "telephone call" is not reasonable or supported. (*Id.* at 11-12.)

Fourth, Defendant MJA argues the venue is not appropriate in this District because neither Defendant resides within it. (*Id.* at 12-14.) More specifically, Defendant MJA argues that (a) Plaintiff has admitted that Defendant MJA's principal place of business is within the Eastern District of New York, (b) the fact that Defendant Delancy's registered agent for the purpose of service of process might be located in Albany does not mean Defendant Delancy has an office in or resides in the Northern District of New York for venue purposes, and (c) Plaintiff has not alleged that Defendant Delancy would be subject to personal jurisdiction in this District as required under the statutory standard. (*Id.*)

## II.     GOVERNING LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 12(b)(3), a defendant may seek dismissal of a complaint for improper venue. Fed. R. Civ. P. 12(b)(3). In general, the plaintiff bears the burden of demonstrating that venue is proper when served with such a motion to dismiss. *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005); *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 260 (N.D.N.Y 2016) (McAvoy, J.) The plaintiff satisfies that burden by pleading facts sufficient to demonstrate a prima facie showing of venue; and, in analyzing this issue, the Court views the complaint's allegations in the light most favorable to the plaintiff. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007). The question of whether to dismiss on the basis of improper venue is entrusted to the sound discretion of the court. *Minette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

Rather than dismissing an action brought in an improper venue, the Court may, in its discretion, transfer the case to "any district or division in which it could have been brought." *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

### III.  ANALYSIS

As relevant here, "[a] civil action may be brought in . . . a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located," "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated," or "if there is no district in which an action my otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).  For the purposes of venue, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Further, 28 U.S.C. § 1391(d) states that "in a State which has more than one judicial district and in which a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a

separate State, and, if there is no such district, the corporation shall be deemed to reside in the district within which it has the most significant contacts." 28 U.S.C. § 1391(d).[1]

In this case, the only tie that Plaintiff alleges to the Northern District of New York is that filings with the State of New York list a registered agent for service of process in Albany.[2] This

---

[1] Although this subsection explicitly applies to corporations, many courts have interpreted it as also applying to a limited liability company in a situation where the state in question has more than one judicial district. *See e.g., Camber Spine Techs. v. Intermed Resources TN, LLC*, 22-CV-3648, 2023 WL 5182597, at *6 (E.D. Pa. Aug. 11, 2023); *Jimenez v. JC Resorts Mgmt. LLC*, 22-CV-0816, 2022 WL 17722644, at *2 (E.D. Cal. Dec. 15, 2022); *Yeend v. Akima Global Servs., LLC*, 20-CV-1281, 2022 WL 794852, at *3-4 (N.D.N.Y. Mar. 16, 2022) (McAvoy, J.); *Essex Energy, L.L.C. v. Willis*, 15-CV-0307, 2015 WL 8207468, at *2 n.9 (M.D. La. Dec. 7, 2015); *Wright v. Zacky & Sons Poultry, LLC*, 105 F. Supp. 3d 531, 542 (M.D.N.C. 2015); *Deaf Interpreter Servs., Inc. v. Webbco Enters., LLC*, 13-CV-0867, 2014 WL 12489608, at *2 n.1 (W.D. Tx. Jan. 28, 2014); *C.H. Johnson Consulting, Inc. v. Roosevelt Roads Naval Station Lands and Facilities Redevelopment Auth.*, 12-CV-8759, 2013 WL 5926062, at *7 (N.D. Ill. Nov. 5, 2013). Plaintiff does not argue that Section 1391(d) is inapplicable here, and he in fact quotes that statute in his summation of the applicable law and bases his defense of his choice of venue on the fact of the location of Defendant Delancy's registered agent in Albany (which he asserts creates personal jurisdiction in this District).

[2] In his Amended Complaint, Plaintiff alleges that Defendant Delancy has "its registered office in Albany," and in his opposition memorandum of law, he argues that "Delancy Street is a Delaware corporation with its principal place of business and registered New York office in Albany." (Dkt. No. 11, at ¶ 9; Dkt. No. 35, at 27.) However, the document he provides as an attachment to one of his opposition memoranda of law fails to corroborate these allegations. That document (the content of which the Court has verified by accessing New York State's public Entity Information website, of which the Court may take judicial notice) indicates that Defendant Delancy is a foreign limited liability company and that "the Post Office address to which the Secretary of State shall mail a copy of any process against the corporation served upon the Secretary of State by personal delivery" is "Republic Registered Agent Services Inc." which has an address in Albany. (Dkt. No. 29, Attach. 3, at 1-2.) Notably, there is no information provided in this document regarding the Chief Executive Officer's name or address, the principal executive office address, or the entity's primary location name and address. (*Id.*) While this document does show that Defendant Delancy's registered agent happens to be located in Albany, that fact does not, as Plaintiff appears to assume, mean that Defendant Delancy has either its principal place of business or a "registered New York office" in Albany; the office of its designated agent for service of process for the purposes of being sued in New York does not somehow become an office of Defendant Delancy itself. In the Independent Sales Organization

13

Court (albeit in dicta) has previously suggested that the location of a registered agent is insufficient to confer personal jurisdiction under highly similar circumstances. *Yeend v. Akima Global Servs., LLC*, 20-CV-1281, 2022 WL 794852, at *3-4 (N.D.N.Y. Mar. 16, 2022) (McAvoy, J.). Specifically, like here, the plaintiffs in that case argued that venue was appropriate in the Southern District of New York because the fact that the defendant's registered agent was located in that district meant that the defendant was a resident of that district. *Yeend*, 2022 WL 794852, at *3. The Court disagreed, noting that Second Circuit precedent indicated that a foreign corporation is not subject to general personal jurisdiction in a state merely because it has registered to do business there and designated an in-state agent for service of process, and indicating that such holding appeared to suggest that a defendant would not be found to have personal jurisdiction in a district for venue purposes merely because of the presence of their registered agent in that district. *Id.* at 3 (citing *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 499 [2d Cir. 2020]).[3] Because the presence of Defendant Delancy's registered agent alone is insufficient to warrant a finding that it would be subject to personal jurisdiction within this

---

Agreement submitted with Defendant Delancy's motion, it notably lists its business address as 104 W 40th Street, New York, New York 10018. (Dkt. No. 9, Attach. 2, at 2.)

[3]    Although *Chufen Chen* was based on a foreign corporation's registering to do business and designating an agent pursuant to N.Y. Bus. Corps. L. § 1301(a), the rationale is transferrable to foreign limited liability companies, as New York law likewise requires such entities to register with the state and designate an agent for service of process. *See* N.Y. Limit. Liab. Co. L. §§ 802 (requiring a foreign limited liability company to apply for authority to conduct business within the state, which includes designating the secretary of state as its agent for service of process and the name of a registered agent if it has one), 803 (enumerating a list of non-exclusive activities that do not constitute doing business within the state that is identical to that listed in N.Y. Bus. Corps. L. § 1301 related to corporations).

District, the Court finds that the Northern District of New York is not a proper venue for this matter to be brought.

Because the Court finds that the Northern District New York is not a proper venue, it must decide whether to dismiss this action or to transfer it to a district where venue is proper. The Court finds that, under the circumstances here, the interests of justice suggest that transfer is warranted. Specifically, assuming Plaintiff's claims would remain timely following a dismissal, he would be required to file a new action pursuing the same claims and there would likely be a repeat of the same motions to dismiss for failure to state a claim that are currently pending. It is not in the interests of justice or judicial efficiency to require such duplicative expenditure of time and effort when the same effect can be achieved by merely transferring the case. Plaintiff notably acknowledges that the Eastern District of New York is a proper venue where this action could have been brought. (Dkt. No. 35 [noting that both Defendants reside in New York State and Defendant MJA's residence is in a location within the Eastern District of New York and arguing that "venue is unquestionably proper in the Northern District, though perhaps not to exclusion of the Eastern District"].) The Court will therefore transfer the case to the Eastern District of New York, as it is a "district or division in which [this action] could have been brought." 28 U.S.C. § 1406(a).

Because the Court has found that venue in this District is improper, it declines to reach the merits of Defendants' pending motions to dismiss for failure to state a claim, because such findings on the merits are better left to the court which properly has venue and will preside over this case following transfer. *See N. Brevard Cnty. Hosp. Dist. v. C.R. Bard, Inc.*, 648 F. Supp. 3d 401, 428-29 (N.D.N.Y. 2022) (McAvoy, J.) ("Where district courts are presented with both a

motion to dismiss … and a motion to transfer venue …, they commonly address the venue motion first, and, where transfer is appropriate, leave the motion to dismiss to be decided by the transferee court.") (quoting *Hart v. Crab Addison, Inc.*, 13-CV-6458, 2014 WL 2865899, at *2 [W.D.N.Y. June 24, 2014]) [collecting three cases, including *Brown v. New York*, 947 F.Supp.2d 317, 326 (E.D.N.Y. 2013)]).  Of note, this Court foresees no need for the parties to submit any additional briefing on these motions as a result of the transfer because the Eastern District is also within the Second Circuit, and thus the same overarching law would apply in that court's consideration of the issues raised.

**ACCORDINGLY**, it is

**ORDERED** that Defendants' motions to dismiss for failure to state a claim or transfer venue (Dkt. Nos. 8, 17, 28) are **GRANTED in part** such that this action is **TRANSFERRED** to the Eastern District of New York, and otherwise decision on Defendants' motions to dismiss for failure to state a claim is **RESERVED** and respectfully left to the Eastern District of New York.

Dated: February 27, 2026
       Syracuse, New York

                                                        Glenn T. Suddaby
                                                        U.S. District Judge